IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELLERS CAPITAL, LLC, et al. | ) |
| Plaintiffs, | ) ) ) ) Case No. 15 CV 07644 |
| v. | ) ) |
| ARMADA GROUP, GP, INC., et al, | ) ) |
| Defendants. | ) |

**DEFENDANTS ARMADA GROUP, GP, INC.'S , ARMADA ENTERPRISES, INC.'S, AND GEORGE WIGHT'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

NOW COME ARMADA GROUP, GP, INC. ("AG"), ARMADA ENTERPRISES, INC.'S ("AE"), AND GEORGE WIGHT ("Wight"), by and through their attorneys, The Agrawal Firm, LLC, and in support of their Reply in Support of Defendants' Motion for Leave to File Third-Party Complaint, state as follows:

**INTRODUCTION**

Defendants' Motion for Leave to File Third-Party Complaint should be granted pursuant to Federal Rule of Civil Procedure 14(a)(1). The Third-Party Complaint ("TPC") clearly alleges that any alleged breach of the underlying Share Purchase Agreement was a direct result of the intentional conduct of Samuel Weiser (Samuel Weiser is a Member of Sellers Capital, LLC and previously, from November, 2011 to May, 2014 was the CEO of Premier Exhibitions, Inc. and from September, 2014 to March, 2015 served as Executive Chairman of Premier Exhibitions, Inc. ("PRXI"). Furthermore, Defendants have sufficiently alleged that Samuel Weiser's actions rendered performance of the contract essentially impossible and induced Plaintiffs to terminate the contractual relationship. Additionally, the TPC would not result in the unreasonable delay of

1

this matter.

## I. DEFENDANTS' TPC IS SUFFICIENTLY PLED AS A DERIVATIVE CLAIM

Defendants' TPC essentially alleges that any alleged breach was a direct result of Samuel Weiser's intentional conduct. S*ee* Third-Party Complaint attached as *Exhibit A* to Defendants' Motion for Leave to File Third-Party Complaint (*Dkt. 55*), par. 5, 6, 29. Although the TPC may not contain language that explicitly states that should the court find in favor of the Plaintiff in its Second Amended Complaint then any such liability should "pass on" to Samuel Weiser, the above-referenced paragraphs clearly sound in indemnity. The TPC in part states "The parties non-performance of the Share Purchase Agreement was induced by Weiser's actions." *Id*. at par. 6. As such, it clearly follows, Defendants, in Count I of the TPC, are alleging that if it is found any breach has occurred, then the cause of that breach/non-performance was Samuel Weiser's intentional acts.

Furthermore, as noted above, Count I of the TPC satisfies the derivative liability requirement of Rule 14(a)1. Defendant AG, in Count II of the TPC, seeks damages for the alleged tortious interference of Samuel Weiser. *Id.* Although Count II does not allege a derivative claim, it is appropriate to include in the TPC as part of Rule 14(a)(1)'s purpose to limit duplicative actions. Rule 14 is one of "procedural economy," *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co*., 299 F.3d 643, 650 (7th Cir. 2002). It is "designed to avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted." *Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975); see also *Am. Family Ins. Co. v. Hewlett-Packard Co*., No. 1:10-cv- 01124, 2011 WL 4550155, at *2 (S.D. Ind. Sept. 28, 2011) ("Rule 14 is designed to accomplish efficiencies in the dispensation of justice by forgoing two successive lawsuits involving substantially the same

evidence and legal arguments when one lawsuit will do."). Given that Count I is a derivative claim, in the interests of procedural economy, Count II should be allowed as well

## II. DEFENDANTS' TPC PROPERLY BRINGS A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT.

Defendants sufficiently allege a claim of intentional tortious interference with contract against Samuel Weiser. Plaintiffs do not fully state the law with regards to the elements of tortious interference. "With respect to the breach element of tortious interference with contract, both the Illinois Supreme Court and the Illinois Appellate Court consistently require more than conduct rendering performance of the contract more burdensome, writing in terms of requiring either a breach of contract, termination of the contractual relations, or rendering performance impossible." *George A. Fuller Co. v. Chicago College of Ost. Medicine*, 719 F.2d 1326, 1333 (7th Circuit 1983) citing to *Herman v. Prudence Mutual Casualty Co.,* 41 Ill.2d 486, 244 N.E.2d 809 (1969); *Meadowmoor Dairies Inc. v. Milk Wagon Drivers' Union of Chicago,* 371 Ill. 377, 21 N.E.2d 308 (1939), *aff'd,* 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836 (1941) ("inducing such contracts to be *broken,* or by doing things which make them *impossible* of performance") (emphasis added); *Loewenthal Securities Co. v. White Paving Co.,* 351 Ill. 285, 184 N.E. 310, 315 (1932) ("To support such a cause of action it is necessary to establish that an outsider has `maliciously' and `without lawful cause or justification' induced a breach of contract or an interference with or termination of a recognized contractual relation.").

Defendants provide a few different examples of Weiser's tortious interference in the TPC. The first subject area surrounds Weiser's attempts, in his capacity as a representative of PRXI, to make last minute demands upon AG (such as providing proof of funds to be able to

finance a bridge loan). S*ee* Third-Party Complaint attached as *Exhibit A* to Defendants' Motion for Leave to File Third-Party Complaint (*Dkt. 55*), par. 18-24. These were new, independent requests that fundamentally altered the nature of the transaction and impacted AG's ability to consummate the deal. *Id.* More importantly, Weiser further threatened multiple times (only one specific example was given in the TPC) that PRXI would not appoint the directors to PRXI's board which of course is a precondition in the Share Purchase Agreement. *Id.* Weiser was essentially asking for demands that AG would not be able to guarantee on such short notice. This type of conduct runs afoul of public policy. Per Weiser's representations, this would have led to the precondition of AG's directors being appointed *not* being satisfied. As a result, the contract would have essentially been rendered impossible to execute.

      The second area of Weiser's tortious conduct surrounds his improper efforts to induce Mark Sellers and Plaintiffs into terminating their contractual relationship with AG. The Share Purchase Agreement stated that the closing had to take place on, or before, November 20, 2014. Prior to this date, AG's attorney sent a request for an extension of the closing date. The parties discussed the terms of a forbearance agreement over the next few days culminating in Samuel Weiser's actions in inducing Plaintiffs to not offer any further forbearance and terminate the contractual relationship with AG. *Id*. Weiser's actions were wholly improper. PRXI was in a position to potentially benefit mightily if AG acquired PRXI shares from Plaintiffs. Acting in conflict with his responsibilities to PRXI, Weiser strongly advised Mark Sellers to end the business relationship with AG. *Id*. Additionally, Weiser's actions were allegedly in retaliation to AG's request that Weiser also resign from the board of PRXI. S*ee* Exhibit D to Third-Party Complaint attached as *Exhibit A* to Defendants' Motion for Leave to File Third-Party Complaint (*Dkt. 55*).

Based on the above, Weiser's intentional and improper actions rendered the contract impossible to perform and induced Plaintiffs to terminate their contractual relationship with AG.

### III. DEFENDANTS' THIRD-PARTY COMPLAINT WOULD NOT RESULT IN UNFAIR PREJUDICE TO PLAINTIFFS.

Defendants acted reasonably in the timing of their filing of a Motion for Leave to File Third-Party Complaint. Although some of the facts were available to Defendants at an earlier date, there were substantial additional facts learned through discovery. It was only after a thorough investigation of all these facts together that Defendants were prepared to file the TPC. The context is notable – Samuel Weiser acted in a blatant conflict of interest that was made abundantly clear after receipt of the emails attached as Exhibit D to the TPC. S*ee* Exhibit D to the Third-Party Complaint attached as Exhibit A to Defendants' Motion for Leave to File Third-Party Complaint, *Dkt 55*. By advising Mark Sellers to not offer Defendant AG a forbearance, Weiser was acting in conflict with his responsibilities to PRXI. *Id.* These facts strengthened Defendants ability to demonstrate improper conduct leading to the inducement of the parties' non-performance of the Share Purchase Agreement and ultimately led to the filing of the TPC. As such, the timeliness of the TPC is appropriate.

Furthermore, the matter is still in the middle of discovery without a trial date having yet been set. The underlying facts of the TPC are essentially the same and as such there would be minimal additional written or oral discovery required. In fact, it is likely that the overall witness list will not change. With regards to the depositions taken to date, those witnesses had little to no relevance to the TPC. Diena Ganesh and Wade Senti (depositions taken by Plaintiffs) both indicated that they had little to no contact with Mr. Weiser. The only other two depositions that have been taken were of City National Bank employees and their interactions with George

5

Wight. The bank employees are wholly irrelevant to the TPC. Notably, Plaintiffs have been holding off on taking the depositions of Mr. Wight and his counsel Milan Saha pending the ruling on Plaintiffs' Motion to Compel. The court's ruling required Defendants to respond to certain additional discovery by September 1, 2016. Therefore, given the stage of discovery, the TPC would not unnecessarily prejudice the Plaintiffs or unreasonably delay this matter.

Plaintiffs' argument regarding harassment must be disregarded as that would be an issue for Mr. Weiser to bring before the court. Plaintiffs simply do not have standing to represent Mr. Weiser's interests with regards to the TPC. Notwithstanding, Defendants, through the TPC, are simply seeking to bring before the court the party that was responsible for any alleged breach of the Share Purchase Agreement.

**WHEREFORE**, Defendants respectfully requests this court, pursuant to Federal Rule of Civil Procedure 14(a)(1), to grant its Motion for Leave to File Third-Party Complaint and for any other relief the court deems appropriate.

By:\_\_/s/ Rishi Agrawal_____
     Rishi Agrawal
     Attorney for Defendants

Rishi Agrawal
The Agrawal Firm, LLC
415 North LaSalle Street, #502
Chicago, IL 60654
(312) 527-5440

**CERTIFICATE OF SERVICE**

I, RISHI AGRAWAL, an attorney certify that on September 2, 2016, that I caused to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the above Reply in Support of Defendants' Motion for Leave to File, using the CM/ECF system, which shall send notice of this filing to all counsel of record.

By:_/s/ Rishi Agrawal_____
Attorney for Defendants