IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELLERS CAPITAL, LLC, and SELLERS CAPITAL MASTER FUND, LTD., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GEORGE WIGHT, ARMADA GROUP GP, INC., and ARMADA ENTERPRISES, INC., )<br>)<br>Defendants. ) | No. 15-cv-7644<br><br>Jeffrey T. Gilbert<br>Magistrate Judge |

## ORDER

Defendants Armada Group, GP, Inc.'s, Armada Enterprises, Inc.'s, and George Wight's Motion for Leave to File Third Party Complaint [55] is denied. Status hearing set for December 8, 2016, at 9:45 a.m., for the purpose of re-setting discovery deadlines in light of this ruling. Counsel should confer before the status hearing to discuss dates for the remaining depositions that need to be taken. See Statement below for further details.

## STATEMENT

Defendants Armada Group, GP, Inc., Armada Enterprises, Inc., and George Wight seek leave to file a third-party complaint against Samuel Weiser ("Weiser") whom they allege was an officer and director of Premier Exhibitions, Inc. ("Premier") and a member of Plaintiff Sellers Capital, LLC ("Sellers Capital"). Proposed Third Amended Complaint [ECF No. 55-1, at ¶ 2]. In the underlying action, Plaintiffs Sellers Capital and Sellers Capital Master Fund, Ltd. allege Defendants breached (or tortuously interfered with) a Share Purchase Agreement pursuant to which Defendant Armada Group, GP agreed to buy shares of Premier from Plaintiffs. Defendants, as putative third party plaintiffs, allege that their proposed third party complaint is proper under Rule 14(a)(1) of the Federal Rules of Civil Procedure because Weiser "is or may be liable to [Defendants] for all or part of the claim[s]" Plaintiffs assert against them. Fed.R.Civ.P. 14(a)(1). District courts have discretion whether to allow a third-party complaint to be filed when, as here, leave to file the complaint is sought more than 14 days after the putative third-party plaintiffs have filed their original answer to the underlying complaint.

Defendants, as putative third-party plaintiffs, allege Weiser "was the lead negotiator and representative for both Plaintiffs and Premier throughout the negotiation and the period leading to the closing of the [Share Purchase Agreement]." *Id.* at ¶ 3. According to Defendants, Weiser demanded that Defendants refinance Premier's bridge loan as part of the transaction contemplated by the Share Purchase Agreement, threatened not to take certain actions in connection with that transaction, and advised Mark Sellers of Sellers Capital not to extend the closing date for the proposed underlying transaction. Defendants allege that Weiser's alleged actions caused the transaction contemplated by the Share Purchase Agreement not to close and

caused Defendants damages, including the loss of the "expected profits and revenue that [Defendants] would have generated through [their] ownership of the Premier shares." *Id.* at ¶ 31.

For the reasons discussed below, the Court agrees with Plaintiffs that Defendants' third-party complaint is not proper under Federal Rule of Civil Procedure 14(a)(1). The Court's decision to exercise its discretion not to allow Defendants to file their proposed third-party complaint also is informed by the requirement in Rule 1 of the Federal Rules of Civil Procedure that those rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Allowing Defendants to file their proposed third-party complaint now would unduly delay and complicate this case, increasing rather than decreasing litigation costs for no good reason.

A.

Defendants' proposed third-party complaint is not proper under Rule 14(a)(1) because it is not an effort to pass on to Weiser Defendants' alleged liability to Plaintiffs. Rather, it asserts independent claims against Weiser for damages Defendants contend they suffered as a result of Weiser's actions. Defendants allege that Defendant Armada Group, the entity that was to purchase the Premier shares from Plaintiffs, was damaged by Weiser's actions "in that it lost out on the value of the Premier shares it was to acquire and the expected profits and revenue that it would have generated through its ownership of the Premier shares." Proposed Third Amended Complaint [ECF No. 55-1, at ¶ 31]. Plaintiffs' damages in the underlying contract action are alleged to be the approximate $15 million adjusted purchase price for the Premier shares that Defendants did not pay to Plaintiffs when they allegedly breached the Share Purchase Agreement. Second Amended Complaint [ECF No. 30, at ¶¶ 3, 48].

In other words, Plaintiffs' alleged damages in the underlying action are measured by what they contend Defendants failed to pay Plaintiffs when Defendants breached the Share Purchase Agreement. Defendants as third-party plaintiffs allege their damages are measured by the economic value of what they contend they lost and were subsequently prevented from realizing by not being able to purchase the Premier shares. As Judge Dow explained in *Ashley v. Schneider National Carriers, Inc.*, 2015 U.S. Dist. LEXIS 94919, *13-14 (N.D. Ill. July 23, 2015), citing Moore's Federal Practice 14.04[3][a], "[i]mpleader 'must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant. . . . [I]t must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff." That is not what Defendants are trying to do here. Theoretically, Defendants could succeed on their alleged claims against Weiser whether or not Plaintiffs succeed on their breach of contract claims against them. Therefore, Defendants' claims are not derivative in nature; they are independent claims that cannot be asserted in a third-party complaint under Rule 14(a)(1). *USA Satellite & Cable, Inc. v. Mac Naughton*, 2016 U.S. Dist. LEXIS 77045, at *6-8 (N.D. Ill. June 14, 2016); *Ashley*, 2015 U.S. LEXIS 95919, at *14.

B.

The Court also agrees with Plaintiffs that the claims asserted in Defendants' proposed third-party complaint do not state proper claims for relief for tortious interference with contract. *See IBEW, Local 134 v. Cunningham*, 2013 U.S. Dist. LEXIS 61083, at *17-18 (N.D. Ill. April 29, 2013); *McCoy v. Gamesa Tech. Corp.*, 2012 U.S. Dist. LEXIS 9431, at *23 (N.D. Ill. January 26, 2012). *See also Chicago United Indus. v. City of Chicago*, 669 F.3d 847, 853 (7th Cir. 2012); *House of Brides, Inc. v. Alfred Angelo, Inc.*, 2014 U.S. Dist. LEXIS 167887, at *27 (N.D. Ill. December 4, 2014). Because the proposed third-party complaint is not proper under Rule 14(a)(1), however, it is not necessary for the Court to go into all of the reasons that Defendants' proposed third-party complaint fails to state a claim upon which relief can be granted even if it were procedurally proper.

C.

Defendants filed their answer to Plaintiffs' Second Amended Complaint [ECF No. 39] on May 2, 2016. They waited another two and one-half months to file their motion to file a third party complaint. Defendants provide no good reason that they could not have included their purported third-party claims against Weiser with their answer. Defendants argue they uncovered evidence of Weiser's actions during discovery. But Defendants allege in their second and third affirmative defenses essentially the same conduct that underlies their purported third-party complaint. In their affirmative defenses filed with their answer, however, Defendants allege that Weiser's conduct was on behalf of Plaintiffs rather than on his own behalf as they allege in their purported third-party complaint.

Adding Weiser as a third-party defendant now would unduly delay and complicate the case. Weiser undoubtedly would move to dismiss the third-party claims which, as noted above, the Court believes are not well-plead in any event. He might and probably would ask to stay discovery until his motion to dismiss is decided, and his role in the case is clarified. Also as noted above, Defendants' damage theory against Weiser on their independent claims also is different than Plaintiffs' damage theory against Defendants which would send the case off into territory that it would not need to visit but for Defendants' claims against Weiser. Such delay and complication would prejudice Plaintiffs in pursuing their relatively straightforward breach of contract case against Defendants. It also would impair the ability of the court system to adjudicate this case in a manner that is as "just, speedy and inexpensive" as reasonably possible. Fed.R.Civ.P. 1.

Further, Defendants are not unduly prejudiced in their defense of this case by being denied the ability to sue Weiser as a third-party defendant in this case. Among other things, they already have asserted as affirmative defenses against Plaintiffs' claims that, by making additional and allegedly unjustified demands upon Defendants just before the planned closing of the Share Purchase Agreement, Plaintiffs effectively failed to perform and/or invalidated the Agreement. There appears to be no good reason that Weiser needs to be an individual party to this case other than for the sake of symmetry since George Wight, a principal of one or more of the corporate named Defendants, has been sued individually by Plaintiffs. That, of course, is not a good reason to name someone as a party to a federal case.

Accordingly, for all these reasons, Defendants Armada Group, GP, Inc.'s, Armada Enterprises, Inc.'s, and George Wight's Motion for Leave to File Third Party Complaint [55] is denied. Status hearing set for December 8, 2016, at 9:45 a.m., for the purpose of re-setting discovery deadlines in light of this ruling. Counsel should confer before the status hearing to discuss dates for the remaining depositions that need to be taken.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 28, 2016